UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GAIL GRECO-BIERI,

    Plaintiff,

vs.                                                                                          Case No.

SUN LIFE ASSURANCE COMPANY                                    HON.
OF CANADA,

    Defendant.

---

TROY W. HANEY (P48614)
Haney Law Office, P.C.
Attorney for Plaintiff
330 East Fulton Street
Grand Rapids, MI 49503
616/235-2300
thaney@troyhaneylaw.com

---

## COMPLAINT

Plaintiff, Gail Greco-Bieri, by her attorney, Troy W. Haney of Haney Law Office, P.C., and for her complaint against defendant, states as follows:

### Nature and Action and Jurisdiction

1. This is a civil complaint brought by Plaintiff, Gail Greco-Bieri ("Plaintiff"), under the Employee Retirement Income Security Act ("ERISA"), §502, 29 U.S.C. 1132, regarding breach of the terms of an employee benefit plan and breach of fiduciary duties, for the purpose of compelling defendant to provide certain disability insurance benefits in amounts and at the coverage levels promised and for an accounting,

recovery of damages, costs and attorney fees incurred as a consequence of defendant's breaches of its obligations and duties under ERISA as detailed herein.

2. This Court has subject jurisdiction over Plaintiff's claims pursuant to ERISA §502(e) and (f), 29 U.S.C. 1132(e) and (f) and 28 U.S.C. 1331.

3. Venue properly lies in this District pursuant to ERISA §502(e)(2), 29 U.S.C. 1132(e)(2).

## Parties and General Allegations

4. At all relevant times, Plaintiff was a participant, as defined by ERISA §3(7), 29 U.S.C. 1002(7), in the Spectrum Health Benefit Plan ("the Plan") provided by the Spectrum Health System to its eligible employees, administered and funded by two difference insurance policies issued by defendant, Sun Life Assurance Company of Canada (Sun Life) providing long term disability benefits and group life insurance benefits under group policy numbers 22489.

5. At all relevant times, the Plan was an employee welfare benefit plan within the meaning of ERISA §3(1), 29 U.S.C. 1002(1), sponsored by Spectrum Health System and funded by the above-referenced insurance policies. The Plan is named herein as a necessary party for the relief requested.

6. At all relevant times, Sun Life was the fiduciary of the Plan within the meaning of ERISA §3(21), 29 U.S.C. 1002(21), in that Sun Life acted as plan administrator and as claims fiduciary for the Plan and exercised authority and control over the payment of short term and long term disability benefits, which are assets of the Plan. Pursuant to 29 C.F.R. §2560.503-1(h)(1), Sun Life, therefore, functioned as plan administrator

for claims procedure purposes.

7. The subject Sun Life policies under which benefits are provided to plaintiff is subject to MCR R 500.2201-2202 providing that "a discretionary clause" included in a policy of insurance provided in Michigan is "void and of no affect". MAC R 500.2202. Therefore, the controlling policy in this matter does not provide for discretionary review and the standard of review in this matter is *de novo*.

## Facts

8. On all relevant dates, Plaintiff, Gail Greco-Bieri, was employed by Spectrum Health System for 321 years until her last day worked on September 1, 2015. At that time, the plaintiff's job title was Associate PI Engineer.

9. The plaintiff has been diagnosed with the following medical conditions:

   - Stiff Person Syndrome;
   - Fibromyalgia;
   - Central pain syndrome;
   - Lumbar disc disease with radiculopathy;
   - Obstructive sleep apnea; and
   - Coccydynia.

10. The above medical conditions cause the plaintiff to experience poor sleep, hot flashes, stiffness throughout her body, pain, dizziness, muscle spasms, grief due to the loss of her career, numbness and tingling in upper and lower extremities, difficulty walking, fatigue, tailbone pain. Due to the Stiff Person Syndrome, the plaintiff will awaken throughout the night with spasms, electric shock symptoms and all over body pain to the extent that her feet will contort.

11. In accordance with her employment contract, the plaintiff applied for long term disability benefits, which were denied by Sun Life on February 16, 2016.

12. On February 24, 2016, Sun Life corresponded with the plaintiff and advised that her group life insurance waiver of premium benefit claim had also been denied.

13. The plaintiff submitted an appeal of these decisions without the benefit of an attorney on February 24, 2016.

14. The plaintiff retained the undersigned and we communicated with Sun Life on March 15, 2016, advising of my retention and intention to submit an administrative appeal of these denials.

15. On March 18, 2016, Sun Life corresponded with the undersigned advising that they would "close" the plaintiff's current appeal and would "await" submission of our appeal on behalf of the plaintiff.

16. On July 18, 2016, the undersigned appealed the decision to deny long term disability and waiver of premium benefits, which appeal contained supporting medical documentation as well as a "To Whom It May Concern" letter prepared by the plaintiff's treating physician, Dr. Lee Begro, stating in part, "– I consider her unable to continue to work in her usual profession due to progressive pain, stiffness and numbness. –."

17. On December 13, 2016, the defendant denied the appeal advising that all "administrative remedies have been exhausted," and that the plaintiff had the "right to bring a civil action" under ERISA.

18. As a result of her inability to return to work - in any capacity - the plaintiff applied for Social Security disability benefits, which decision remains pending at this time.

## COUNT I
### Claim for Benefits Pursuant to ERISA §502(a)(1)(B),
### 29 U.S.C. 1132(a)(1)(B) against Defendant

19. Plaintiff incorporates paragraphs 1 through 18 above as if fully restated herein.

20. ERISA §502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B) permits a plan participant to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan and/or to clarify her rights to future benefits under the terms of a plan.

21. The failure to pay full disability benefits as described above are in direct violation of the terms of the Plan.

22. The Plan has failed to pay disability benefits to Plaintiff despite the recommendations of her physicians and disabling medical conditions.

23. The failure and refusal of the Plan to pay the benefits owned Plaintiff under the Plan is a breach of the terms and provisions of the Plan.

24. In addition, the Plan has failed to properly and thoroughly investigate Plaintiff's claim in the manner required by ERISA's fiduciary and claims procedure requirements.

25. The actions of the Plan have caused damage to Plaintiff in the form of the denial of her claim for long term disability benefits and waiver of group life insurance premiums.

26. In addition, because the Plan denied the payment of Plaintiff's long term disability benefits, Plaintiff became ineligible for other benefits provided through her

employment such as pension and medical benefits.

## PRAYER FOR RELIEF

Plaintiff requests that this Honorable Court grant the following relief:

A. A declaratory judgment pursuant to ERISA §502(a)(1)(B), 29 U.S.C. 1132 (a)(1)(B) and 28 U.S.C. 2201, declaring that Plaintiff is entitled to the group employee benefits in the proper amounts as set forth in the Plan in effect at the time benefits became payable and that defendant has violated the Plan and its fiduciary duties by failing to pay these benefits and honor the group waiver of life premium.

B. A full and accurate accounting by defendant of all computations for Plaintiff's employee benefits, in sufficient detail so that Plaintiff may ascertain that her benefits are being paid in the proper amount.

C. An Order compelling defendant to pay Plaintiff forthwith the full amount of employee benefits due her and to continue such payments for the period set forth in the Plan, including interest on all unpaid benefits.

D. An Order awarding reasonable attorney fees and costs pursuant to ERISA §502(g)(1), 29 U.S.C. 1132 (g)(1).

E. Such other relief as may be just and appropriate.

Dated: January 16, 2017

*/s/ Troy W. Haney*
Troy W. Haney (P48614)
Haney Law Office, P.C.
Attorney for Plaintiff
330 East Fulton Street
Grand Rapids, MI 49503